Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
J.C., individually and on behalf of her child, K.X.,

                Plaintiff,                                **COMPLAINT**

      v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
---------------------------------------------------------------------X

        Plaintiff, J.C., individually and on behalf of her child, K.X., by her attorney, The Law Office of Steven Alizio, PLLC, as and for her Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), alleges and states the following.

        1.        K.X. is the child of Plaintiff, J.C. K.X. is a student with a disability. K.X. was at all relevant times a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

        2.        At all relevant times, Plaintiff and K.X. resided within the County of Richmond.

        3.        Plaintiff and K.X., though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA

statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiff is prepared to disclose Plaintiff's identity *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide K.X. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEA, 20 U.S.C. § 1415 and 42 U.S.C. § 1983 and follows two substantive administrative hearings, and one appeal to the Office of State Review of the New York State Department of Education ("SRO"), involving the same parties that ultimately resulted in decisions on the merits in Plaintiff's favor.

6. This action is filed to seek relief associated with Defendant's failure to implement the decision of the SRO in one of the underlying administrative proceedings and secure statutory attorneys' fees and costs that Plaintiff should be awarded in this action, and in the underlying administrative proceedings, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 42 U.S.C. § 1983, 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that Defendant resides in or is situated within the judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

### Case Number 224617

9. On or about July 1, 2020, Plaintiff initiated an administrative due process proceeding, designated case number 224617, against Defendant alleging, *inter alia*, that Defendant denied K.X. a FAPE for the 2020-2021 school year and failed to assess K.X. in all areas of suspected disability. As relief, Plaintiff's due process complaint in case number 224617 sought, *inter alia*, a final order requiring the DOE to fund K.X.'s tuition to the Cooke School and Institute ("Cooke") for the 12-month 2020-2021 school year and funding for an independent education evaluation ("IEE") in the form of a comprehensive neuropsychological evaluation by an independent evaluator of Plaintiff's choosing at an enhanced rate.

10. On or around April 30, 2022, IHO Dora Lassinger issued an interim order requiring the DOE to fund an independent neuropsychological evaluation by an independent evaluator of Plaintiff's choosing at a reasonable market rate.

11. A hearing on the merits was subsequently held concerning the claims in Plaintiff's due process complaint for case number 224617.

12. On or about September 22, 2022, IHO Dora Lassinger issued a Findings of Fact and Decision ("FOFD") that fully resolved the remaining claims in Plaintiff's due process complaint in case number 224617. As relief, IHO Lassinger's September 22, 2022 FOFD ordered the DOE to fund K.X.'s tuition to Cooke for the 12-month 2020-2021 school year and provide transportation from the closest safe curb location to and from Cooke for the 2020-2021

school year.

13. Neither party appealed IHO Lassinger's September 22, 2022 FOFD (or the April 30, 2022 interim order).

14. As a consequence of the favorable, unappealed, administrative decisions of IHO Lassinger in case number 224617, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

15. Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered in connection with case number 224617 and in connection with this fee application.

## Case Number 260489

16. On or about September 12, 2023, Plaintiff initiated an administrative due process proceeding, designated case number 260489, against Defendant alleging, *inter alia*, that Defendant denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years and failed to assess K.X. in all areas of suspected disability. As interim relief, Plaintiff's due process complaint in case number 260489 sought an order requiring the DOE to fund an independent speech-language evaluation to be conducted by a qualified evaluator of Plaintiff's choice at a reasonable market rate. As final relief, Plaintiff's due process complaint in case number 260489 sought, *inter alia*, an order requiring the DOE to (i) fund an appropriate full-time Applied Behavior Analysis ("ABA") school-based program either (1) at a non-public or independent school of Plaintiff's choosing or, if no such non-public or independent school is available, (2) through the provision of an independent Board Certified Behavior Analyst ("BCBA") of Parent's choosing to be assigned to work one-on-one with K.X. at her school for the entirety of the school day; (ii) fund a minimum of 15–20 hours per week of 1:1 home-based, ABA therapy by an

independent BCBA of Plaintiff's choosing at a reasonable market rate, in conjunction with a minimum of 3–4 hours per week of at-home supervision of such services by an independent BCBA/Licensed Behavior Analyst of Plaintiff's choosing at a reasonable market rate; (iii) fund compensatory services to be provided by an independent provider of Plaintiff's choosing at a reasonable market rate according to proof; and (iv) provide or otherwise fund appropriate transportation.

17.     On or around November 13, 2023, IHO Hashim Rahman orally issued an interim order requiring the DOE to fund a speech-language evaluation by a private provider at a rate of $2,500. IHO Rahman memorialized this order in writing on or around December 4, 2023.

18.     A hearing on the merits was held concerning the remaining claims in Plaintiff's due process complaint for case number 260489.

19.     On or about January 31, 2024, IHO Rahman issued a Findings of Fact and Decision ("FOFD") in case number 260489. Although IHO Rahman concluded that the DOE denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years, IHO Rahman denied the final relief requested by Plaintiff. IHO Rahman ordered Defendant to convene an Individualized Educational Program ("IEP") meeting with the presence of a Cantonese interpreter within twenty-five school days of the date of the decision and that the DOE review the speech-language evaluation obtained by Plaintiff as a result of his interim order and consider adjusting the IEP mandates for K.X. per the recommendations in the speech-language evaluation.

20.     Plaintiff appealed IHO Rahman's January 31, 2024 FOFD to the SRO. The SRO designated the appeal as SRO Appeal No. 24-082.

21.     As neither party appealed IHO Rahman's determination that the DOE denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years, that aspect of IHO

Rahman's January 31, 2024 decision became final.

22.     On or around May 2, 2024, the SRO issued its decision in SRO Appeal No. 24-082 sustaining Plaintiff's appeal in part. The SRO vacated the portion of IHO Rahman's decision that ordered the DOE to reconvene an IEP meeting to review the speech-language evaluation and consider adjusting the student's IEP mandates. The SRO modified IHO Rahman's order denying relief to Plaintiff and K.X. and ordered the DOE to, *inter alia*: (i) convene, within 14 days of the date of the decision, the Committee on Special Education and develop an IEP for K.X. that includes one individual 30-minute feeding therapy session per week, and five 30-minute speech-language therapy sessions per week; (ii) specify that the educational placement in the student's IEP shall be in a special class that provides primarily ABA programming at a public school or, if unavailable, a State-approved nonpublic school; (iii) within 45 days of the date of this decision, locate and place K.X. in such a program pursuant to the student's IEP, which shall continue for the remainder of the 2023-2024 school year and the duration of the 12-month 2024-2025 school year unless the parties otherwise agree to an alternative placement; (iv) fund and provide a bank of compensatory services for K.X. in the form of compensatory ABA services calculated on the basis of five hours per week of 1:1 ABA services provided over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-2022, 2022-2023, and 2023-2024 school years for a total of 630 hours; (v) fund and provide a bank of compensatory services for K.X. in the form of compensatory speech-language therapy calculated on the basis of two individual 30-minute sessions of speech-language therapy over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-2022, 2022-2023, and 2023-2024 school years for a total of 126 hours; (vi) fund and provide a bank of compensatory services for K.X. in the form of compensatory feeding therapy calculated on the

basis of one 30-minute session per week from December 13, 2023 through the date that the new IEP required in the decision is put into place.[1] The SRO further specified that the compensatory services ordered expire three years from the date of the May 2, 2024 decision.

23. Neither party appealed SRO Appeal No. 24-082.

24. Defendant has not complied with many of the terms of the SRO's May 2, 2024 decision. The notable aspects of SRO Appeal No. 24-082 that Defendant has not implemented include, but are not limited to:

   a. Defendant has failed to locate and place K.X. in a special class that provides primarily ABA programming at a public school or a State-approved nonpublic school;

   b. Defendant has failed to provide K.X. any compensatory ABA services to date;

   c. Defendant has failed to provide K.X. any compensatory speech-language therapy to date; and

   d. Defendant has failed to provide K.X. any compensatory feeding therapy to date.

25. The DOE's failure to implement SRO Appeal No. 24-082 on a timely basis has harmed K.X. in that she has continued to receive inappropriate special education and related services and has failed to make meaningful progress as a result. Relatedly, the deficits she incurred as a result of the DOE's failure to provide her with a FAPE during the 2021-2022, 2022-2023, and 2023-2024 school years have continued to go unremedied.

26. As a consequence of the favorable, unappealed, May 2, 2024 decision in SRO Appeal No. 24-082 (as well as the favorable portions of the January 31, 2024 FOFD in case number 260489), Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20

---

[1] The DOE created an IEP for K.X. that mandated, *inter alia*, feeding therapy, on May 22, 2024. There were 21 weeks from December 13, 2023 to May 22, 2024. As such, K.X. should be entitled to at least 10.5 hours of feeding therapy pursuant to SRO Appeal No. 24-082.

7

U.S.C. § 1415(i)(3).

27. Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered in connection with SRO Appeal No. 24-082, case number 260489, and in connection with this fee application.

**FIRST CAUSE OF ACTION**

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if more fully set forth herein.

29. Plaintiff initiated an impartial hearing on behalf of K.X. in case number 224617.

30. Plaintiff prevailed at the impartial hearing in case number 224617 by obtaining a decision and order from the impartial hearing officer ordering the full relief demanded by Plaintiff.

31. Plaintiff, having prevailed in case number 224617, hereby demands reasonable fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

32. Plaintiff has exhausted her administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

**SECOND CAUSE OF ACTION**

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if more fully set forth herein.

34. Plaintiff initiated an impartial hearing on behalf of K.X. designated case number 260489.

35. Plaintiff appealed the administrative order issued in case number 260489 in an appeal designated SRO Appeal No. 24-082.

36. Plaintiff prevailed in SRO Appeal No. 24-082 by obtaining a decision and order from the SRO ordering the majority of the relief demanded by Plaintiff.

37. Plaintiff, having prevailed in underlying administrative proceedings associated with SRO Appeal No. 24-082, hereby demands reasonable fees and costs incurred in both case number 260489 and SRO App. No. 24-082 pursuant to 20 U.S.C. § 1415(i)(3).

38. Plaintiff has exhausted her administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

### THIRD CAUSE OF ACTION

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if more fully set forth herein.

40. Defendant has not complied with the terms of the decision in SRO Appeal No. 24-082.

41. Specifically, Defendant has, to date, failed to, *inter alia*, (i) locate and place K.X. in "a special class that provides primarily ABA programming at a public school" or a "State-approved nonpublic school"; (ii) provide any compensatory ABA services; (iii) provide any compensatory speech-language therap; and (iv) provide any compensatory feeding therapy.

42. K.X. has been harmed by the DOE's failure to implement the decision in SRO Appeal No. 24-082.

43. Defendant has, under color of law, deprived Plaintiff and K.X. of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the SRO Appeal No. 24-082.

44. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v.*

9

*Tirozzi,* 832 F.2d 748, 755 (2d Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2d Cir. 2002) ("[A]s noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983."); *contra A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

45. Specifically, Plaintiff seeks an order requiring the DOE to implement certain aspects of SRO Appeal No. 24-082. Plaintiff seeks an order requiring Defendant to (i) provide 630 hours of compensatory ABA services; (ii) provide 130 hours of compensatory speech-language therapy; and (iv) provide 10.5 hours of compensatory feeding therapy.

46. Plaintiff requests that additional compensatory ABA services be awarded for the DOE's failure to implement the portion of SRO Appeal No. 24-082 that ordered the DOE to locate and place K.X. in a special class that provides primarily ABA programming at a public school or a State-approved nonpublic school.

47. Plaintiff also requests that the expiration date on all compensatory services ordered in SRO Appeal No. 24-082 be extended due to Defendant's failure to provide such services since the issuance of SRO Appeal No. 24-082.

48. Plaintiff has exhausted her administrative remedies as impartial hearing officers do not have enforcement authority over orders issued at the administrative level.

**FOURTH CAUSE OF ACTION**

49. Plaintiff repeats and realleges paragraphs 1 through 48 as if more fully set forth

10

herein.

50. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

51. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g.*, *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

52. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant (i) provide 630 hours of compensatory ABA services; (ii) provide 130 hours of compensatory speech-language therapy; and (iii) provide 10.5 hours of compensatory feeding therapy.

53. Plaintiff requests that additional compensatory ABA services be awarded for the DOE's failure to implement the portion of SRO Appeal No. 24-082 that ordered the DOE to locate and place K.X. in a special class that provides primarily ABA programming at a public school or a State-approved nonpublic school.

54. Plaintiff also seeks an order extending the expiration date of all compensatory services ordered to be provided to K.X. in SRO Appeal No. 24-082 due to the DOE's failure to provide such compensatory services to date.

55. Plaintiff has exhausted her administrative remedies as impartial hearing officers do not have enforcement authority over orders issued at the administrative level.

**WHEREFORE,** by reason of the foregoing, Plaintiff respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Provide 630 hours of compensatory ABA services as required by SRO Appeal No. 24-082;

(3) Provide additional compensatory ABA services, in an amount according to proof, due to the DOE's failure to locate and place K.X. in a special class that provides primarily ABA programming at a public school or a State-approved nonpublic school;

(4) Provide 130 hours of compensatory speech-language therapy as required by SRO Appeal No. 24-082;

(5) Provide 10.5 hours of compensatory feeding therapy as required by SRO Appeal No. 24-082.

(6) Extend the expiration date for all compensatory services ordered in SRO 24-082 to three years from the date of the final order in this action;

(7) Declare Plaintiff the prevailing party in case number 224617 and SRO Appeal No. 24-082 (including case number 260489);

(8) Award to Plaintiff costs, expenses, and attorneys' fees for the administrative proceedings designated case number 224617 and 260489 (including SRO Appeal No. 24-082) pursuant to 20 U.S.C. § 1415;

(9) Award Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415;

(10) Order Defendant to satisfy any judgment in this matter within thirty (30) days of the issuance of the final order; and

(11) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 28, 2025

_____
Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff