UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

J.C., individually and on behalf of their child, K.X.,

                              Plaintiffs,

      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

------------------------------------------------------------------------X

**DECLARATION OF JAY ST. GEORGE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

25-cv-04446 (ALC)

Pursuant to 28 U.S.C. § 1746, JAY ST. GEORGE as follows:

       1.     I am an Agency Attorney in the Office of General Counsel within the New York City Department of Education (the "DOE"). I have been employed by the DOE since January 2018 and have worked as an Agency Attorney for more than six years.

       2.     I submit this declaration in Support of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) and 12(b)(1).

       3.     I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge and upon information and belief, the source of such information and the basis for such belief being, *inter alia*, conversations with employees of the DOE and my review of documents in the possession and custody of the DOE, such as those documents filed with the DOE's Impartial Hearing Office ("IHOIU"), and the DOE's Bureau of Non-Public Schools Payables, ("NPSP") respectively and those documents filed in connection with the administrative proceedings pending before Impartial Hearing Officers and the Office of State Review ("SRO").

4. Reviewing and processing payments as required under pendency orders, pendency agreements, or final decisions is an ongoing and individualized process. For each student, DOE must obtain documents detailing the services the students are receiving and the amounts billed for those services, as well as any other necessary information required by the orders.

5. Once parents and their service providers have provided the necessary documents to DOE, those documents are reviewed for completeness before payments are processed and remitted to the appropriate provider as required by the orders.

6. This declaration will specifically address the implementation efforts of the DOE with regards to Case No. 260489 and the resultant SRO Case No. 24-082, a true and accurate of the Decision in SRO Case No. 24-082, which the Court may take judicial notice, is annexed there to as Exhibit A.

### **STUDENT K.X. IN CASE NO. 260489, SRO CASE NO. 24-082**

7. On December 4, 2023, the impartial hearing officer ("IHO") issued an Interim Order in case No. 260489 directing the DOE to fund a speech and language evaluation by a private provider at a rate of $2,500.00.

8. On or about January 29, 2024, upon information and belief, the DOE issued a check to Bignity Ventures, LLC, the agency parent identified to conduct the independent speech language evaluation.

9. Based upon a review of records maintained by DOE, check number 95992770 was issued in the amount of $2,500.00 as prospective payment for the cost of a private

speech & language evaluation (decision action item 1).

10. On January 31, 2024, the impartial hearing officer ("IHO") issued a Findings of Fact and Decision ("FOFD) in Case No. 260489 finding that the DOE failed to offer the student a Free Appropriate Public Education for the 2021-2022, 2022-2023 and 2023-2024 school years. However, the IHO denied the Parent's request for compensatory relief and instead the IHO ordered the DOE to:

> (1) "…convene an IEP meeting with the presence of a Cantonese interpreter within twenty-five school days of the date of this decision. At the meeting the DOE must review the recent evaluation by the Speech-Language Pathologist … and consider adjusting the Student's IEP mandates."

11. On or about February 6, 2024, the DOE was notified that Parent was appealing the relief ordered pursuant to the FOFD, and on February 6, 2024, I was personally assigned to the matter for the purposes of overseeing the Appeal in SRO Case No. 24-082.

12. On February 7, 2024, the Impartial Hearing Implementation Unit ("IHOIU") within the DOE was notified that Parent was appealing the relief ordered pursuant to the FOFD.

13. On May 2, 2024, the state review officer ("SRO") issued a Decision in SRO Case No. 24-082. The SRO modified the IHO's final relief, vacating that portion which ordered the CSE to reconvene to consider reviewing the private speech evaluation and consider adjusting the IEP mandates, and instead directed the DOE to convene the CSE and recommend a special class placement in a district setting or State-approved nonpublic school which must feature ABA as the primary aspect of it programming, and further reversed that portion of the IHO's FOFD which denied compensatory education. Specifically, the SRO's decision provides:

(1) Within 14 days of the date of decision the DOE shall convene to develop an IEP to include one (1) individual 30 mins feeding therapy per week, five (5) 30 mins speech-language therapy sessions per week;

(2) Within 45 days of the date of decision, the DOE shall locate and place the student is the program provided by the student's IEP for the remainder of the 2023-2024 school year and the duration for the 12-month 2024-2025 school year, unless the parties agree otherwise.

(3) The DOE shall "fund and provide" banks compensatory ABA services, feeding therapy and speech-language therapy, as follows:

  i.   Compensatory ABA services calculated on a basis of five hours per week of 1:1 ABA services, provided over a 12-month school year, or 42 weeks, for a total of 630 hours; and

  ii.  Compensatory speech-language therapy calculated on a basis of two individual 30-minute sessions of speech language, provided over a 12-month school year, or 42 weeks, for a total of 126 hours; and

  iii. Compensatory feeding therapy calculated at the rate of one 30-minute session per week from December 13, 2023 through the date that the new IEP required in this decision is put in place; and

  iv.  That the compensatory education awarded pursuant to this decision may be provided outside of the school-based setting, may include provision at the student's home, and shall expire three years from the date of decision if the student has not used them by such date.

14. Based upon a review of records maintained by this office, upon information and belief, the DOE reconvened a CSE meeting and, on or about May 14, 2024, developed an IEP for the student in accordance with the Decision in SRO Case No. 24-082.

15. Based upon a review of records maintained by this office, because of this reconvene, the DOE deferred this student to the Central Based Support Team ("CBST") on or about May 28, 2024 for placement at a New York State approved non-public school, and student was issued a securement letter on or about July 22, 2024 at AHRC Staten Island Prep.

16. Based upon a review of records maintained by this office, the DOE maintains that the Office of Non-Public School Payables ("NPSP") has been instructed to issue payment for banks of compensatory service hours pursuant to the relief outlined in the Decision in SRO Case No. 24-082.

17. The DOE is poised and ready to process payment in accordance with the award of compensatory hours pursuant to the Decision in SRO Case No. 24-082, in the normal course of business, subject to our receipt and review of invoices for said services.

18. Based upon a review of records and correspondence between the parties maintained by this office, the Plaintiff was notified on January 6, 2025 that NPSP would process payment once invoices were submitted to PayMemoInvoices@schools.nyc.gov.

19. Upon information and belief, no invoices have been submitted to date.

### L.V. NOTICE IN CASE NO. 260489, SRO CASE NO. 24-082

20. *L.V.* is a class action alleging the failure of the DOE to timely implement orders issued by IHOs in connection with impartial hearings held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.,* and N.Y. Education law §4401, *et seq*. In 2007, the parties entered into a Stipulation of Settlement (the "Stipulation").

21. The stipulation requires the DOE to "timely implement," impartial hearing orders. The stipulation defines timely implementation as completing a required action pursuant to an impartial hearing order within either the timeframe specified in the impartial hearing order or within 35 days. Pursuant to the Stipulation, an Independent Auditor ("IA") audits the DOE's compliance with timely implementation of impartial hearing orders. The IA was not tasked with assessing whether an Order had been implemented outside of the initial time frame (35 days or as required by the Order). Thus, even if an obligation were completed after the initial deadline, the IA could find that the action item was not implemented in a timely fashion.

22. When the IA determines that the DOE failed to implement a hearing order within the required timeframe, the Stipulation requires the DOE to send a Non-Implementation Notice to the parent of the student referenced in the order by first-class mail after each quarterly report is issued by the IA. The Stipulation sets forth the use to which a Non-Implementation Notice can be put - as prima facie evidence in an enforcement action.

23. However, the IA is not current in issuing its reports. For example, upon information and belief, the most recent Guidehouse Quarterly Report was finalized on November 26, 2025, for the Fifty-Ninth Quarterly Measurement Period ("Q59A") which includes Orders issued between January 9, 2024 to April 8, 2024, a 2-year delay in reporting.

24. At the onset of the COVID-19 pandemic and the closure of DOE schools in March 2020, the DOE discontinued sending parents Non-Implementation Notices.

25. In a letter to the Court in September 2022, Class Counsel in *L.V.* requested that Defendants resume sending Non-Implementation Notices to parents, including sending notices with respect to all reports the IA had issued since March 2020 at the start of the pandemic. In the same month, the DOE objected to this request as not necessary for the following reasons:

(1) the IA's reporting has lagged behind and generally reports on untimeliness on orders issued from one year to 18 months prior to the report;

(2) the DOE has made ongoing efforts to implement impartial hearing orders and works closely with parents' attorneys and vendors on payment matters in an attempt to work through the backlog of payments due; and

(3) sending a Non-Implementation Notice may be required for orders where implementation was merely delayed but not denied and given the DOE's ongoing efforts and the delay in IA reporting, these notices likely would be outdated by the time they were sent, and not reflect the situation at the time parent's received them, creating confusion.

26. After an exchange of communications by the parties and a court conference, on December 7, 2022, the Court in *L.V.* ordered the DOE to send out all outstanding Non-Implementation Notices from the previous two school years, with these notices numbering more than 26,000, without regard to whether the Orders had been implemented since the issuance of IA's reports.

27. For Impartial Hearing Case No. 260489, the Non-Implementation Notice was emailed to Plaintiff parents on October 18, 2025, almost 2-years after the Order Date of December 4, 2023 (for the interim order emailed to parties on December 4, 2023).

28. Upon information and belief, the Non-Implementation Notices Issued by IA only pertain to implementation of the action items pursuant to the orders of the Impartial Hearing Office, and do not reflect or capture the implementation status of action items that are appealed and proceed to final decision before the Office of State Review.

29. The Non-Implementation Notice emailed to Plaintiff parents in October 2025 for Impartial Hearing Case No. 260489 does not reflect the current state of implementation of any of the orders issued in this case.

Dated:  Brooklyn, New York
        January 28, 2026

                                                    _____
                                                    Jay St. George