25-cv-04446 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.C., individually and on behalf of her child, K.X.,

Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Alfred Miller, Jr.
Tel: (212) 356-2392
alfmille@law.nyc.gov

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND............................................................................................ 1

STANDARD OF REVIEW ............................................................................................. 3

ARGUMENT ................................................................................................................... 5

      POINT I ................................................................................................................ 5

           <u>PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS MOOT AS PLAINTIFF RECEIVED ALL RELIEF AVAILABLE UNDER THE SRO ORDER.</u> ....................................................... 5

      POINT II .............................................................................................................. 7

           <u>PLAINTIFF OMITS KEY LANGUAGE FROM THE SRO ORDER IN ATTEMPTING TO IMPOSE AN ADDITIONAL OBLIGATION</u> ............................................. 7

      POINT III.............................................................................................................. 10

           <u>PLAINTIFF IS NOT ENTITLED TO ATTORNEYS FEES IN THIS ACTION</u> .......................................................... 10

CONCLUSION................................................................................................................. 11

CERTIFICATE OF COMPLIANCE ............................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                    <u>**Pages**</u>

*Angamarca v. N.Y.C. Dep't of Educ.*,
    2020 U.S. Dist. LEXIS 48687 (S.D.N.Y. Mar. 20, 2020) ........................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................4

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
    968 F2d 196 (2d Cir.1992)................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................4

*Biro v. Condé Nast*,
    807 F.3d 541 (2d Cir. 2015)............................................................................................4

*Blackwelder v. Safnauer*,
    866 F.2d 548 (2d Cir. 1989).............................................................................................5

*Canning v. Admin. for Children's Servs.*,
    588 F. App'x 48 (2d Cir. 2014) .......................................................................................3

*Castillo v. Rice*,
    581 F. Supp. 2d 468 (S.D.N.Y. 2008)..............................................................................4

*Cook v. Colgate Univ.*,
    992 F.2d 17 (2d Cir. 1993)............................................................................................10

*Cortec Indus, Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991)..............................................................................................4

*Crosley v. Banks*,
    2023 U.S. Dist. LEXIS 144938 (Aug. 16, 2023)...............................................................8

*Diaz v. Aviles-Ramos*,
    No. 1:24-cv-09340, 2025 U.S. Dist. LEXIS 147580 (S.D.N.Y. July 31, 2025).......................7

*Donohue v. Banks*,
    2023 U.S. Dist. LEXIS 176574 (S.D.N.Y. Sep. 30, 2023)................................................3, 7, 9

*Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*,
    581 F. App'x 81 (2d Cir. 2014) .......................................................................................3

*F.O. v. New York City Dep't of Educ.*,
    899 F. Supp. 2d 251 (S.D.N.Y. 2012)...............................................................................5

**Cases**                                                                                                    **Pages**

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994),
    *cert. denied,* 513 U.S. 1079 (1995).................................................................................4

*Frias v. Banks*,
    2024 U.S. Dist. LEXIS 198414 (S.D.N.Y. Oct. 30, 2024).......................................7

*Giammatteo v. Newton*,
    452 F. App'x 24 (2d Cir. 2011).................................................................................3

*Haley v. Pataki*,
    106 F.3d 478 (2d Cir. 1997)....................................................................................10

*Husain v. Springer*,
    579 F. App'x 3 (2d Cir. 2014).................................................................................10

*Juca v. Banks*,
    No. 23-CV-3508,
    2024 U.S. Dist. LEXIS 159988 (S.D.N.Y. Sep. 4, 2024)........................................7

*K.C. v. N.Y. City Educ. Dep't*,
    2015 U.S. Dist. LEXIS 134043 (S.D.N.Y. Sept. 30, 2015)......................................5

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*,
    No. 03-CV-I0312,
    2005 U.S. Dist. LEXIS 19788 (S.D.N.Y. Sept. 7, 2005)..........................................3

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472, 110 S. Ct. 1249 (1990).....................................................................10

*M.F. v. N.Y.C. Dep't of Educ.*,
    2024 U.S. Dist. LEXIS 30347 (S.D.N.Y. February 22, 2024) .................................5

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000).....................................................................................3

*Mendez v. Aviles-Ramos*,
    No. 25-cv-1096 (CM),
    2025 U.S. Dist. LEXIS 195004 (S.D.N.Y. Oct. 1, 2025).........................................7

*Murphy v. Hunt*,
    455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982).........................................5

*N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*,
    969 F.2d 1430 (2d Cir. 1992)...................................................................................5

<u>**Cases**</u>                                                                                                                                    <u>**Pages**</u>

*Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*,
    333 F. Supp. 3d 292 (S.D.N.Y. 2018).......................................................................3

*Paulino v. N.Y.C. Dep't of Educ.*,
    2024 U.S. Dist. LEXIS 132633 (S.D.N.Y. July 24, 2024) .......................................7

*People United for Child, Inc. v. City of New York*,
    108 F. Supp. 2d 275 ..................................................................................................3

*Phillips v. Aviles-Ramos*,
    2025 U.S. Dist. LEXIS 102585 (S.D.N.Y. May 29, 2025).......................................7

*R.C. ex rel. R.J.C. v. Carmel Cent. Sch. Dist.*,
    2007 U.S. Dist. LEXIS 43697 (S.D.N.Y. June 14, 2007).........................................6

*S.A. v. N.Y.C. Dep't of Educ.*,
    2015 U.S. Dist. LEXIS 126874 (E.D.N.Y. Sep. 22, 2015).....................................10

*Scheff v. Banks*,
    2024 U.S. App. LEXIS 21937 (2d Cir. Aug. 29, 2024)........................................5, 7

<u>**Statutes**</u>

FRCP 12(b)(1) ................................................................................................................3

FRCP 12(b)(6) ................................................................................................................4

## PRELIMINARY STATEMENT

Defendant, the New York City Department of Education ("DOE" or "Defendant") submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint, ECF No. 1.

Plaintiff, who brings claims individually and on behalf of his child, K.X. ("Student"), in their Complaint seeks relief associated with the DOE's alleged failure to implement the May 2024 decision of the State Review Officer ("SRO") in one of the underlying administrative proceedings and secure statutory attorneys' fees and costs that Plaintiff alleges it should be awarded in the administrative proceeding and this action. See Compl. ECF No. 1 ¶6. However, Plaintiff's claims must be dismissed because Plaintiff fails to state a claim for which relief can be granted in that he seeks relief beyond the precise language of the applicable SRO order. Alternatively, Plaintiff's claim is moot as DOE has complied with the applicable SRO order. As Plaintiff has achieved all relief he would have through further litigation with respect to Plaintiffs' implementation and enforcement claims, this Court should dismiss the claims pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff K.X. is a student who resides in Richmond County who attended Cooke School and Institute ("Cooke") for the 2020-2021 school year. In February 18, 2022, Plaintiff initiated an administrative due process proceeding, case number 224617. On September 22, 2022, IHO Dora M. Lassinger issued a Findings of Fact and Decision ("FOFD"), finding that the DOE failed to demonstrate that it offered K.X. a FAPE for the 2020-2021 school year and directed the DOE to fund the student's private school placement and the cost of transportation on a twelve-month basis. On September 12, 2023, Plaintiff initiated a second administrative due process proceeding, case number 260489, alleging, inter alia, that Defendant denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024. On January 31, 2024, IHO Rahman issued an  ("FOFD"in cases number

260489. Although IHO Rahman concluded that the DOE denied K.X. a FAPE for the 2021-2022,

2022-2023, and 2023-2024 school years, IHO Rahman denied the final relief requested by

Plaintiff.  Plaintiff appealed IHO Rahman's January 31, 2024, FOFD to the SRO, SRO Appeal

No. 24-082. The SRO ordered the DOE to do specified things. As relevant here, the SRO ordered

*inter alia* the following:

> (iii) within 45 days of the date of this decision, locate and place K.X. in such a
> program pursuant to the student's IEP, which shall continue for the remainder of
> the 2023-2024 school year and the duration of the 12-month 2024-2025 school year
> unless the parties otherwise agree to an alternative placement; (iv) fund and provide
> a bank of compensatory services for K.X. in the form of compensatory ABA
> services calculated on the basis of five hours per week of 1:1 ABA services
> provided over a 12-month school year, or 42 weeks, for the denial of FAPE for each
> of the 2021-2022, 2022-2023, and 2023-2024 school years for a total of 630 hours;
> (v) fund and provide a bank of compensatory services for K.X. in the form of
> compensatory speech-language therapy calculated on the basis of two individual
> 30-minute sessions of speech-language therapy over a 12-month school year, or 42
> weeks, for the denial of FAPE for each of the 2021-2022, 2022-2023, and 2023-
> 2024 school years for a total of 126 hours; (vi) fund and provide a bank of
> compensatory services for K.X. in the form of compensatory feeding therapy
> calculated on the basis of one 30-minute session per week from December 13, 2023
> through the date that the new IEP required in the decision is put into place. Comp.
> ECF No. ¶6.

The DOE has already complied with each of these directives. Specifically, the DOE secured a

placement for K.X at AHRC Staten Island Prep. St. George Declaration ¶15.[1] Likewise, the DOE

complied with each of the remaining directives,  as it has taken the necessary steps to "fund and

provide a bank of compensatory services" for respective services ordered. St. George Declaration

¶16. The DOE maintains that the Plaintiff need only submit the necessary invoices in order for it

---

[1] This Court may consider the St. George Declaration where as here this Court's jurisdiction is at
issue. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)
("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to
decide issues of fact by reference to evidence outside the pleadings, such as affidavits."

to issue payment from the banks of compensatory service hours pursuant to the relief outlined in the Decision in SRO Case No. 24-082 Id. ¶16-17. Indeed, that the Plaintiff need only submit invoices in order for payments to be process was communicated to the Plaintiffs. Id at 18.

Plaintiff brought the instant matter on May 28, 2025. Plaintiff seeks implementation of the order which has already been implemented, and the amounts alleged as outstanding only remain so as a result of Plaintiff's failure to submit invoices for payment. Plaintiff seeks to inject an obligation to locate providers for the compensatory services ordered even though such an obligation,  in addition to providing funding for said services, exceeds "precise language in each student's administrative order." *Donohue v. Banks*, 2023 U.S. Dist. LEXIS 176574, at *3 (S.D.N.Y. Sep. 30, 2023). As Plaintiff has received all that he would through further litigation this court must dismiss his claims as moot.

## STANDARD OF REVIEW

The Court must dismiss a case under FRCP 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The party asserting subject matter jurisdiction must prove its existence by a preponderance of the evidence. *See Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*, 333 F. Supp. 3d 292, 300 (S.D.N.Y. 2018) (quoting *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011)). The party resisting the motion "cannot rest on conclusory allegations that factual disputes exist." *Zappia*, 215 F.3d at 253.

In fact, the Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion. *See People United for Child, Inc. v. City of*

3

*New York*, 108 F. Supp. 2d 275, 283 (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F2d 196, 198 (2d Cir.1992)). Additionally, the court should not grant leave to amend the complaint because an amendment is considered futile if it cannot defeat a motion to dismiss for lack of subject matter jurisdiction. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03-CV-I0312, 2005 U.S. Dist. LEXIS 19788, at *13-14 (S.D.N.Y. Sept. 7, 2005); *see also Castillo v. Rice*, 581 F. Supp. 2d 468, 476 (S.D.N.Y. 2008).

On a motion to dismiss pursuant to FRCP 12(b)(6), courts must accept all allegations contained in the complaint as true and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. At a minimum, a pleading must set forth sufficient information for a court to determine whether the allegations support some recognized legal theory, *Cortec Indus, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), and enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570. Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a court may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted), *cert. denied,* 513 U.S. 1079 (1995).

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS MOOT AS PLAINTIFF RECEIVED ALL RELIEF AVAILABLE UNDER THE SRO ORDER.**

Pursuant to the underlying administrative orders, and contrary to Plaintiffs naked assertions, the DOE "funded and provided a bank of compensatory services" as ordered in SRO Appeal 24-082. Additionally, it located a school placement for plaintiff as ordered. Therefore, Plaintiffs' claims regarding the implementation and enforcement of the SRO appeal is moot.

"A case is moot when the issue presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)). A moot action must be dismissed, even if the case was live when it was filed but later events rendered it moot. *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).

Courts in this district regularly dismiss IDEA cases as moot when payments have been made or the requested relief is otherwise granted. *See Scheff v. Banks*, 2024 U.S. App. LEXIS 21937, at *7 (2d Cir. Aug. 29, 2024) ("Typically, no live controversy remains where a party has obtained all the relief 'she could receive on the claim through further litigation."); *M.F. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 30347 (S.D.N.Y. February 22, 2024); *Angamarca v. N.Y.C. Dep't of Educ.,* 2020 U.S. Dist. LEXIS 48687 (S.D.N.Y. Mar. 20, 2020); *K.C. v. N.Y. City Educ. Dep't*, 2015 U.S. Dist. LEXIS 134043, at *15 (S.D.N.Y. Sept. 30, 2015) ("Because Plaintiff's have not demonstrated that they have a reasonable expectation that they will again be subjected to a delay in the issuance of an SRO decision, the claims in this action are moot."); *F.O. v. New York City Dep't of Educ.,* 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) ("[T]he relief that Plaintiff's sought

in this matter, having the DOE provide a paraprofessional during the 2010-11 school year, has been provided; the school year is over and DOE . . . provided the paraprofessional. Plaintiff's claim is therefore moot."); *R.C. ex rel. R.J.C. v. Carmel Cent. Sch. Dist.,* 2007 U.S. Dist. LEXIS 43697 at *4 (S.D.N.Y. June 14, 2007) ("Four days after this action was filed, the IHO decision [on Plaintiff's due process complaint] granted Plaintiff's reimbursement requests for the costs of the services that Plaintiff's would have secured had their pendency application been approved. It cannot be disputed that any claims except for compensatory education are moot in light of the IHO's reimbursement and supplemental services award to Plaintiff's on the merits of their challenge . . . and the [School] District's decision not to appeal that order."); *Lee*, 2024 U.S. Dist. LEXIS 72110 (dismissing Plaintiffs' claims for funding as moot because of DOE's full payment).

As relevant to the instant matter, Plaintiff alleges that the DOE failed to implement aspects of the SRO order: (a) "locate and place K.X. in a special class that provides primarily ABA programming at a public school or a State-approved nonpublic school;" (b.) "provide K.X. any compensatory ABA services to date;" (c.) "provide K.X. any compensatory speech-language therapy to date;" and (d.) "provide K.X. any compensatory feeding therapy to date." ECF No. 1 ¶ 24.[2] The DOE located and offered a placement to K.X at AHRC Staten Island Prep. St. George Declaration ¶15. The DOE complied with each additional aspect ordered, as it has "fund[ed] and provide[d] [] bank[s] of compensatory services" as ordered in SRO Appeal 24-082; *See generally* St. George Declaration. The DOE is poised to issue payment for a compensatory bank of up to 126 hours of speech-language services. Likewise, the DOE is poised to issue payment from a bank of up to 630 hours of ABA services, as ordered pursuant to the Decision in SRO Case No. 24-082

---

[2] Notably, Plaintiff's paraphrasing in the Complaint omits the precise language in the SRO order. As it was heavily referenced throughout and forms the basis for the Complaint, this Court may consider the SRO order. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)

and requested by the Plaintiffs. *See* ECF #1 ¶55(4). Additionally, while Plaintiff seeks 10.5 hours of feeding therapy, ECF #1 at ¶55(5), the DOE has is poised to issue payment for a bank of up to 19 hours of feeding therapy. Id. Because Plaintiff has received all the relief to which he is entitled given the explicit language of the SRO's Decision herein, and therefore could get obtain nothing further through further litigation, Plaintiffs claims are effectively moot. *See Scheff v. Banks*, , 2024 U.S. App. LEXIS 21937, at *8 (2d Cir. Aug. 29, 2024)

**POINT II**

**PLAINTIFF OMITS KEY LANGUAGE FROM THE SRO ORDER IN ATTEMPTING TO IMPOSE AN ADDITIONAL OBLIGATION**

Plaintiff's attempt to recast the SRO order by omitting key language fails as matter of law. In their effort to find fault in the DOE, Plaintiff's Complaint selectively reads the applicable orders to assert that the DOE "failed to provide K.X with compensatory…services" ECF #1 ¶24. However, Courts in this jurisdiction have uniformly looked to the language of the appliable order to determine the scope of DOE's reimbursement obligations as "the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order." *Davis*, 2023 U.S. Dist. LEXIS 160092, at *13; see also *Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 132633, at *13 (S.D.N.Y. July 24, 2024) *Mendez v. Aviles-Ramos*, No. 25-cv-1096 (CM), 2025 U.S. Dist. LEXIS 195004, at *11 (S.D.N.Y. Oct. 1, 2025); *Frias v. Banks*, 2024 U.S. Dist. LEXIS 198414, at *3 (S.D.N.Y. Oct. 30, 2024); *Diaz v. Aviles-Ramos*, No. 1:24-cv-09340 (JLR), 2025 U.S. Dist. LEXIS 147580, at *11 (S.D.N.Y. July 31, 2025); *Juca v. Banks*, No. 23-CV-3508 (JHR) (BCM), 2024 U.S. Dist. LEXIS 159988, at *36 (S.D.N.Y. Sep. 4, 2024). Thus, the scope of DOE's obligation "turns on the precise language in each student's administrative order." Donohue v. Banks, 2023 U.S. Dist. LEXIS 176574, at *3 (S.D.N.Y. Sep. 30, 2023). In cases where the language of the administrative order is clear and unambiguous, Courts in this

District reject attempts to extend an IHO's order beyond the plain language of the text. See Phillips v. Aviles-Ramos, 2025 U.S. Dist. LEXIS 102585, at * 9 (S.D.N.Y. May 29, 2025) ("[t]he Court presumes that administrative officers like the IHO choose their words with care and mean what they say."); Crosley v. Banks, 2023 U.S. Dist. LEXIS 144938 (Aug. 16, 2023) (denying Plaintiff's request to order DOE to fund nursing services through its equitable authority). As the applicable order, SRO Appeal No. 24-082, only requires the DOE to provide a bank of compensatory services, Plaintiffs complaint fails to state a claim for which relief can be granted and must be dismissed.

As relevant to Plaintiff's claims, the applicable administrative order--SRO Appeal No. 24-082—clearly and unambiguously ordered SRO Bates ordered that the DOE "shall locate and place the student in such a program pursuant to the student's IEP, which shall continue for the remainder of 2023-24 year and the duration of the 12-month 2024-25 school year unless the parties otherwise agree to an alternative placement." SRO Dec. 22. SRO Bates further ordered the DOE, "shall fund and provide a bank of compensatory services for the student in the form of compensatory ABA services calculated on the basis of five hours per week of 1:1 ABA services provided over a 12-month school year, or 42 weeks, for the denial of a FAPE for each the 2021-22, 2022-23 and 2023-24 school years for a total of 630 hours; likewise, SRO Bates ordered the DOE "shall fund and provide a bank of compensatory services for the student in the form of compensatory speech-language therapy calculated on the basis of two individual 30-minute session of speech-language therapy provided over a 12-month school year, or 42 weeks, for the denial of FAPE for each the 2021-22, 2022-23 and 2023-24 school years for a total of 126 hours," and finally he ordered the DOE shall "shall fund and provide a bank of compensatory services for the student in the form of compensatory feeding therapy calculated at a rate of one 30-minute session per week from

December 13, 2023 through the date that the new IEP required in this decision is put in place." SRO Dec. p. 22

Notably, Plaintiff's complaint omits the "precise language in each student's administrative order." *See Donohue v. Banks*, 2023 U.S. Dist. LEXIS 176574, at *3 (S.D.N.Y. Sep. 30, 2023); ECF No. 1. ¶24. Specifically, it omits that SRO Bates ordered the DOE for each respective service to "fund and provide a bank of services…." This omission attempts to recast the obligation on the DOE to locate and provide services, an obligation which the language of the administrative order does not contain. As recognized by SRO Bates, the parent-plaintiff sought independent providers of the parent's choosing. SRO p.  As noted above, the DOE is fully prepared to issue  funding each of the banks of services and the Plaintiff need only submit invoices to obtain reimbursement for those services.

Contrary to Plaintiff's implicit assertion, SRO Bates did not order the DOE to locate a provider and provide services in the first instance. SRO Bates could have required the DOE to "locate" the services as he did for other provisions. See SRO Dec. p.21  (Ordering the DOE to "locate and place the student in such a program pursuant to the student's IEP…") with respect to the school placement, SRO Bates ordered the DOE to "locate and place the student" in a school compliant with his order. As such, DOE located and secured a placement for K.X. at the Staten Island school. See St. George Dec. ¶15. With respect to the compensatory services, SRO Bates did not impose such obligation. *See* SRO Dec. p.21.

Plaintiff here seeks to impose an obligation beyond that which was ordered in the applicable administrative order. Thus, he seeks relief that is in excess of his entitlement delineated in the applicable administrative order. As this relief exceeds the obligations imposed by the order,

Plaintiffs have failed to state a claim for which relief may be granted. *See Davis*, 2023 U.S. Dist. LEXIS 160092, at *13.

## POINT III

## PLAINTIFF IS NOT ENTITLED TO ATTORNEYS FEES IN THIS ACTION

While Plaintiff's claims are moot, such a finding limits the recovery of attorney's fees in this federal action. Indeed, as the Second Circuit has explained where a claim becomes moot, "the plaintiffs' interest in preserving the district court's award of attorneys' fees is insufficient, standing alone, to sustain jurisdiction." *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (*citing Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 1255 (1990)). However, "[a] determination of mootness neither precludes nor is precluded by an award of attorneys' fees." Haley v. Pataki, 106 F.3d 478, 483-84 (2d Cir. 1997); see also *Husain v. Springer*, 579 F. App'x 3, 5 (2d Cir. 2014) (permitting the district court to order fees to a prevailing party where the merits of the claim became moot.)

Notwithstanding mootness, a prevailing party may still be entitled to attorney's fees for their prior work. *Husain v. Springer*, 579 F. App'x 3, 5 (2d Cir. 2014). However, "[i]t is settled that the 'degree of success' is the most important factor in determining the reasonable fees to be awarded to a prevailing party." *S.A. v. N.Y.C. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 126874, at *20-21 (E.D.N.Y. Sep. 22, 2015). Plaintiff, here, seeks attorney's fees in both the administrative proceeding and this federal action. ECF No. 1 ¶¶8-9. Because their claims are moot—and were moot at the time of filing—Plaintiff will have not prevailed on any claim in this federal action. As such, Plaintiff will have obtained no degree of success in this federal action and recovery of attorney's fees must be limited to the administrative proceeding. *See id.*

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully submit that the Court should dismiss Plaintiffs' Complaint with prejudice, and grant Defendants such other and further relief that the Court deems just and proper.

Dated:        January 28, 2026
               New York, New York

                                **MURIEL GOODE-TRUFANT**
                                Corporation Counsel of the
                                City of New York
                                *Attorney for Defendants*
                                100 Church Street
                                New York, New York 10007

                By:      /s/ *Alfred Miller jr*
                                Alfred Miller, Jr.
                                *Assistant Corporation Counsel*
                                (212) 356-2392
                                AlfMille@law.nyc.gov

## **CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Civil Rules for the Southern and Eastern Districts of New York, the enclosed memorandum of law is produced using 12-point Times New Roman type, and excluding the cover page, captions, table of authorities, and table of contents, contains approximately 3,384 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:        New York, New York
              January 28, 2026

                                        /s/ _Alfred Miller, jr._
                                        Alfred Miller, Jr.
                                        Assistant Corporation Counsel