UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

J.C., individually and on behalf of her child,
K.X.,                                                                            Civ. No.: 1:25-cv-04446 (ALC)

                      Plaintiff,

       v.

NEW YORK CITY DEPARTMENT OF EDUCATION

                    Defendant.
-------------------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, NY 10004
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT…………………………………………………………1

II.     STATEMENT OF FACTS………………………………………………………………..4

III.    ARGUMENT…………………………………………………………………………….9

       a.  Legal standard…………………………………………………………………………..9

       b.  Plaintiff has pled facts sufficient to establish that Defendant has not fully implemented SRO Appeal No. 24-082…………………………………………...10

           i.  Defendant failed to develop an IEP in accordance with SRO Appeal No. 24-082 and, relatedly, failed to offer K.X. placement in a special class that provides "primarily ABA programming"—or even one capable of implementing the IEP that itself does not comport with the SRO's decision—within 45 days of SRO Appeal No. 24-082……………………12

           ii.  The SRO's order to "fund and provide a bank of compensatory services" requires the DOE to provide those services……………………......…14

               1.  Defendant has failed to fund and provide a bank of compensatory ABA instruction………………………………………………….…17

               2.  Defendant has failed to fund and provide a bank of compensatory speech-language therapy and feeding therapy…………………...18

       c.  Plaintiff's implementation claims are not moot…………………………………18

IV.     CONCLUSION…………………………………………………………………………19

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*,
    407 F.3d 65 (2d Cir. 2005)……………………………………………………………..3

*Ashcroft v. Iqbal,*
    556 U.S. 663 (2009)……………………………..……………………………………10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)……………………………..……………………………………10

*Conyers v. Rossides*,
    558 F.3d 137 (2d Cir. 2009) …………………………...…………………………10

*Donahue v. Banks*,
    No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023)……………………….…10

*Irish Lesbian and Gay Org. v. Giuliani*,
    143 F.3d 638 (2d Cir. 1998)…………………………..…………………………..18

*J.S. v. Carmel Cent. Sch. Dist.*,
    501 F. App'x. 95 (2d Cir. 2012) …………………………...………….…..……...3

*L.V. v. N.Y.C. Dep't of Educ.*,
    03-Civ.9917 (LAP), 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021)………………………...10

*M.H. v. Mt. Vernon City Sch. Dist.*,
    No. 13 CV 3596, 2014 WL 901578 (S.D.N.Y. Mar. 3, 2014)………………..…………10

*Sheppard v. Beerman*,
    18 F.3d 147 (2d Cir. 1994)………………………………………..…………….....10

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*,
    215 F.3d 247 (2d Cir. 2000)…………………………………………………………10

**Statutes**

20 U.S.C. § 1400…………………………………………………………………………..1

**Administrative Hearings**                                                                    **Page(s)**

State Review Office Appeal No. 19-112……..…………...…………………………………16

State Review Office Appeal No. 19-130……..…………...……………….…………………16

State Review Office Appeal No. 20-021…….………...…………………………………………16

State Review Office Appeal No. 22-132…….………...…………………………………………16

State Review Office Appeal No. 24-151…….………...…………………………………………16

**Rules**

Fed. R. Civ. P. 12(b)(1)……………………….…………………………………………...1, 4, 10

Fed. R. Civ. P. 12(b)(6)……………………………………………………………..1, 4, 10, 13

## I.  PRELIMINARY STATEMENT

Plaintiff, J.C. ("Plaintiff" or "Parent"), is the parent of K.X., a student with a disability as defined under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400, *et seq*. This action arises out of two separate administrative actions brought under the IDEA. *See generally* Dkt. 1. The two administrative cases at issue were designated case numbers 224617 and 260489 by the Impartial Hearing Office of the New York City Department of Education ("Defendant" or "DOE"). *Id*. at ¶¶9, 16. Plaintiff appealed the decision of the Impartial Hearing Officer ("IHO") in case number 260489 to the Office of State Review ("SRO"); the aforementioned appeal was sustained in part by the SRO in a decision designated SRO Appeal No. 24-082. Through this federal action, Plaintiff seeks legal fees and costs incurred in both the underlying administrative actions as well as in this action (*see generally id.*) as well as relief associated with the DOE's failure to implement certain aspects of SRO Appeal No. 24-082. *Id*. at ¶20.

Defendant here egregiously failed to respond to Plaintiff's May 28, 2025 Complaint for nearly three months after it was due. On September 8, 2025, without any justification for its delay,[1] Defendant requested an enlargement of time to respond to Plaintiff's Complaint, *nunc pro tunc*, and requested a pre-motion conference to file a Motion to Dismiss ("MTD") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 8. The Court denied Defendant's request for a pre-motion conference, but the Court permitted Defendant to file its MTD and set the due date for Defendant's motion as January 28, 2026. Dkt. 11. Although Defendant filed its Notice of Motion and the Declaration of Jay St. George on January 28, 2026, it did not file its Memorandum of Law in Support of Their MTD the Complaint ("Def. MOL") until January 29, 2026. *See generally* Dkts.

---

[1] Defendant's counsel represented to the Court that the nearly three-month delay "was due to an oversight" by Defendant's counsel. Dkt. 8.

12–15. Defendant failed to offer any explanation for the untimely submission of the Def. MOL and, similarly, Defendant failed to request an extension of time to file the Def. MOL. As a result of the foregoing, the Def. MOL should be disregarded, and the Court should outright deny Defendant's MTD. Should the Court choose to entertain Defendant's untimely submission, the Court should still deny Defendant's MTD for the reasons stated below.

Through its MTD, Defendant seeks to dismiss Plaintiff's claims related to the implementation of the SRO's order in SRO Appeal No. 24-082 and Plaintiff's claim for legal fees and costs in this matter. *See generally* Dkt. 15. Defendant claims that Plaintiff's implementation claims are moot and/or subject to dismissal because Defendant has purportedly implemented all aspects of SRO Appeal No. 24-082. *Id*. at 10–15. In support of its mootness defense, Defendant offers only the Declaration of Jay St. George, an appellate attorney for Defendant who has no direct knowledge of the implementation of SRO Appeal No. 24-082 and makes nearly all of their statements either "on information and belief" or based on unidentified "records and correspondence" that the attorney reviewed in order to prepare the declaration. *See* Dkt. 13. As set forth more fully herein, the Declaration of Jay St. George is also factually inaccurate and, relatedly, the "information" (including the aforementioned unidentified "records and correspondence") for which Jay St. George has formed their belief is unreliable.

Defendant's MTD is baseless and should be denied in full. To start, Defendant's MTD does not articulate clearly whether the MTD seeks to dismiss Plaintiff's claims for legal fees and costs incurred in the underlying administrative matters as well as fees incurred in this matter related to those claims. To the extent Defendant's MTD does seek to dismiss such claims, Defendant's motion must fail. Plaintiff is unequivocally the prevailing party in case number 224617 and in case number 260489 following the decision in SRO Appeal No. 24-082 as Plaintiff obtained substantial

2

relief in both matters resulting in a material alteration in the relationship between Plaintiff and the DOE. *See J.S. v. Carmel Central Sch. Dist.*, 501 Fed. Appx. 95, 97 (2d Cir. 2012) (noting that "our Court requires 'a prevailing party to obtain a judicially sanctioned material alteration of the legal relationship of the parties.'") (quoting *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 67 (2d Cir. 2005)). As the prevailing party in both underlying administrative cases, Plaintiff is unequivocally entitled to reasonable legal fees and costs associated with the aforementioned administrative cases as well as bringing Counts I and II of the Complaint in this action.[2]

With respect to the implementation of SRO Appeal No. 24-082, Plaintiff has pled facts sufficient to establish that Defendant has failed to implement numerous aspects of SRO Appeal No. 24-082. Defendant's mootness claims also must fail. The accompanying Affidavit of Plaintiff J.C. establishes that multiple aspects of SRO Appeal No. 24-082 have still not been implemented by the DOE or have not been implemented by the DOE in a timely manner. Specifically, Defendant has failed to (i) develop an Individualized Education Program ("IEP") for K.X. that mandates placement in a "special class that provides primarily ABA programming"; (ii) "locate and place" K.X. in a special class that "provides primarily" Applied Behavior Analysis ("ABA") programming "pursuant to the student's IEP" within 45 days of the issuance of SRO Appeal 24-082; (iii) provide compensatory ABA services or timely authorize funding for the private provider identified by Plaintiff to provide such services; (iv) provide compensatory speech-language therapy to K.X.; and (v) provide compensatory feeding therapy to K.X. *Compare* Dkt. 13.1 at 21–22 *with* J.C. Aff. at ¶¶ 9–25.

As set forth more fully herein, Defendant's arguments that it fully implemented SRO Appeal No. 24-082 are based on a strained reading of the order itself and the conclusory, factually

---

[2] Plaintiff will ultimately be entitled to legal fees and costs associated with the other causes of action as well, including the briefing that has been necessitated by Defendant's MTD.

incorrect declaration of the DOE attorney that handled the underlying administrative appeal. *See generally* Dkt. 13. At a bare minimum, there are questions of fact concerning Plaintiff's entitlement to relief on her implementation claims that render dismissal under Rules 12(b)(1) and 12(b)(6) inappropriate. Plaintiff, therefore, respectfully requests that the Court deny Defendant's MTD in full.

## II.    STATEMENT OF FACTS

K.X. is currently 15 years old and has been classified by the DOE as a student with a disability. J.C. Aff. at ¶2. On or about July 1, 2020, Plaintiff initiated an administrative due process proceeding, designated case number 224617, against Defendant alleging, *inter alia*, that Defendant denied K.X. a FAPE for the 2020-2021 school year and failed to assess K.X. in all areas of suspected disability. Dkt. 1 at ¶9. As relief, Plaintiff's due process complaint in case number 224617 sought, *inter alia*, DOE funding associated with K.X.'s tuition to the Cooke School and Institute ("Cooke") for the 12-month 2020-2021 school year and DOE funding for an independent education evaluation ("IEE") in the form of a comprehensive neuropsychological evaluation by an independent evaluator of Plaintiff's choosing. *Id.* On or around April 30, 2022, IHO Dora Lassinger issued an interim order requiring the DOE to fund an independent neuropsychological evaluation by an independent evaluator of Plaintiff's choosing at a reasonable market rate. *Id*. at ¶10. A hearing on the merits was subsequently held concerning Plaintiff's remaining claims in case number 224617. *Id*. at ¶11. On or about September 22, 2022, IHO Lassinger issued a Findings of Fact and Decision ("FOFD") in Plaintiff's favor in case number 224617. *Id*. As relief, IHO Lassinger's September 22, 2022 FOFD ordered the DOE to fund K.X.'s tuition to Cooke for the 12-month 2020-2021 school year and provide transportation from the closest safe curb location to

and from Cooke for the 2020-2021 school year. *Id*. at ¶12. Neither party appealed IHO Lassinger's September 22, 2022 FOFD (or the interim order). *Id*. at ¶13.

During the 2021-2022, 2022-2023, and 2023-2024 school years, K.X. attended a DOE public school in Staten Island. J.C. Aff. at ¶3. On or about September 12, 2023, Plaintiff initiated an administrative due process proceeding, designated case number 260489, against Defendant alleging, *inter alia*, that Defendant denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years and failed to assess K.X. in all areas of suspected disability. Dkt. 1 at ¶16. As interim relief, Plaintiff's due process complaint in case number 260489 sought an order requiring the DOE to fund an independent speech-language evaluation to be conducted by a qualified evaluator of Plaintiff's choice. *Id*. As final relief, Plaintiff's due process complaint in case number 260489 sought, *inter alia*, an order requiring the DOE to (i) fund an appropriate full-time ABA school-based program either (1) at a non-public or independent school of Plaintiff's choosing or, if no such non-public or independent school is available, (2) through the provision of an independent Board Certified Behavior Analyst ("BCBA") of Plaintiff's choosing to be assigned to work one-on-one with K.X. at her school for the entirety of the school day; (ii) fund a minimum of 15–20 hours per week of 1:1 home-based, ABA therapy by an independent BCBA of Plaintiff's choosing at a reasonable market rate, in conjunction with a minimum of 3–4 hours per week of at-home supervision of such services by an independent BCBA/Licensed Behavior Analyst of Plaintiff's choosing at a reasonable market rate; (iii) fund compensatory services to be provided by an independent provider of Plaintiff's choosing at a reasonable market rate according to proof; and (iv) provide or otherwise fund appropriate transportation. *Id*.

On or around November 13, 2023, IHO Hashim Rahman orally issued an interim order requiring the DOE to fund a speech-language evaluation by a private provider at a rate of

$2,500. *Id*. at ¶17. IHO Rahman memorialized this order in writing on or around December 4, 2023. *Id*. A hearing on the merits was held concerning Plaintiff's remaining claims in case number 260489. *Id*. at ¶18. On or about January 31, 2024, IHO Rahman issued an FOFD in case number 260489. *Id*. at ¶19. Although IHO Rahman concluded that the DOE denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years, IHO Rahman denied the final relief requested by Plaintiff in full. *Id*.

Plaintiff appealed IHO Rahman's January 31, 2024 FOFD to the SRO. *Id*. at ¶20. The SRO designated the appeal as SRO Appeal No. 24-082. *Id*. As neither party appealed IHO Rahman's determination that the DOE denied K.X. a FAPE for the 2021-2022, 2022-2023, and 2023-2024 school years, that aspect of IHO Rahman's January 31, 2024 decision became final. *Id*. at ¶21.

The SRO issued a decision in SRO Appeal No. 24-082, dated May 2, 2024, sustaining Plaintiff's appeal in part (*Id*. at ¶22; *see also* Dkt. at 13.1) and concluding, among other things, that "**the district must provide** compensatory ABA services, feeding therapy, and speech-language therapy to remedy the denial of a FAPE." Dkt. 13.1 at 21 (emphasis added). Ultimately, the SRO modified IHO Rahman's order denying relief to Plaintiff and K.X. and ordered the DOE to, *inter alia*:

(i) Convene, within 14 days of the date of the decision, the Committee on Special Education and develop an IEP for K.X. that includes one individual 30-minute feeding therapy session per week, and five 30-minute speech-language therapy sessions per week;

(ii) Specify that the educational placement in the student's IEP shall be in a special class that provides primarily ABA programming at a public school or, if unavailable, a State-approved nonpublic school;

(iii) Within 45 days of the date of this decision, locate and place K.X. in such a program pursuant to the student's IEP, which shall continue for the remainder of the 2023-2024 school year and the duration of the 12-month 2024-2025 school year unless the parties otherwise agree to an alternative placement;

6

(iv)    Fund and provide a bank of compensatory services for K.X. in the form of compensatory ABA services calculated on the basis of five hours per week of 1:1 ABA services provided over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-2022, 2022-2023, and 2023-2024 school years for a total of 630 hours;

(v)     Fund and provide a bank of compensatory services for K.X. in the form of compensatory speech-language therapy calculated on the basis of two individual 30-minute sessions of speech-language therapy over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-2022, 2022-2023, and 2023-2024 school years for a total of 126 hours; and

(vi)    Fund and provide a bank of compensatory services for K.X. in the form of compensatory feeding therapy calculated on the basis of one 30-minute session per week from December 13, 2023 through the date that the new IEP required in the decision is put into place.

Dkt. 13.1 at 21–22. The SRO specified that the compensatory services ordered shall expire three years from the date of the May 2, 2024 decision. *Id*. at 22. Neither party appealed SRO Appeal No. 24-082. Dkt. 1 at ¶23.

Unfortunately, Defendant has not complied with many of the terms of the SRO's May 2, 2024 decision. On May 14, 2024, the DOE held an IEP meeting for K.X. The May 14, 2024 IEP mandated placement in a 12:1+1 classroom in a state-approved nonpublic school for the 12-month school year with Adaptive Physical Education (3x/week), counseling (1x30, group of 2), occupational therapy (1x30, 1:1; 1x30, group of 2), speech-language therapy (4x30, 1:1; 1x30, group of 2), feeding therapy (1x30, 1:1), physical therapy (2x30, 1:1), and parent counseling and training (3x/year). *See* J.C. Aff. at ¶8. The May 14, 2024 IEP, however, failed to mandate placement "in a special class that provides primarily ABA programming" as required by SRO Appeal No. 24-082. *Id*. at ¶9. On May 29, 2024, a representative from the DOE's Central Based Support Team ("CBST") contacted Plaintiff to introduce herself and inform Plaintiff that the CBST was sending K.X.'s information to potentially appropriate nonpublic schools. *Id*. at ¶10. Starting

on May 29, 2024, Plaintiff communicated regularly with the CBST representative concerning identifying potential state-approved nonpublic school placements for K.X. *Id*. at ¶11.

Plaintiff toured AHRC Staten Island (a state-approved nonpublic school) with K.X. on July 18, 2024. *Id*. at ¶11. On July 23, 2024, Plaintiff was informed that AHRC Staten Island had accepted K.X. *Id*. at ¶13. Based on Plaintiff's communications with AHRC Staten Island—including information she obtained during her tour of the school—however, it was Plaintiff's understanding that the program offered at AHRC Staten Island did not offer "primarily ABA programming" as required by SRO Appeal No. 24-082. *Id*. at ¶14. As such, Plaintiff informed the CBST representative via email that same day that she did not intend to accept placement at AHRC Staten Island because "AHRC doesn't have ABA services in school." *Id*. at ¶15. The CBST representative acknowledged receipt of Plaintiff's email and did not challenge Plaintiff's understanding regarding AHRC Staten Island's inability to offer "primarily ABA programming" as required by SRO Appeal No. 24-082; the CBST representative also did not follow-up further with Plaintiff concerning potential placement at AHRC Staten Island. *Id*. It was also Plaintiff's understanding based on the securement letter received from AHRC Staten Island that the school was not capable of implementing the May 14, 2024 IEP as required by the SRO's decision and that the placement at AHRC Staten Island would not start until September 2024 (*Id*. at ¶16), notwithstanding the fact that the SRO's decision required a placement "for the remainder of [the] 2023-24 year and the duration of the **12-month** 2024-25 school year [which includes July and August of 2024]." Dkt. 13.1 at 22 (emphasis added). Plaintiff did not hear from the CBST representative or anyone from the DOE further concerning potential placement at AHRC. *Id*. at ¶17. Plaintiff continued to communicate with the CBST concerning potentially appropriate placements for K.X. through August 2024 as it was her understanding that the CBST continued to

search for placements for K.X. through at least August 2024, but no such placement was ultimately identified. *Id*. at ¶18 As such, K.X. remained at her public school placement for the remainder of the 2023-2024 school year, and started at a new public school, the Susan E. Wagner High School on Staten Island, for the 2024-2025 school year. *Id*. at ¶28.

Additionally, at no point following the May 2, 2024 SRO decision did the DOE offer compensatory speech-language therapy, feeding therapy, and ABA instruction to K.X. *Id*. at ¶20. After it became clear that the DOE did not intend to provide compensatory speech-language therapy as required by SRO 24-082, Plaintiff attempted to identify providers of her own; unfortunately, Plaintiff has been unable to identify a speech-language therapist or feeding therapist on Staten Island that has availability and is willing to accept DOE funding. *Id*. at ¶21. As such, K.X. has not received any of the compensatory speech-language therapy or feeding therapy awarded in SRO Appeal No. 24-082 to date. *Id*. at ¶22. With respect to the compensatory ABA instruction awarded in SRO Appeal No. 24-082, on September 17, 2024, after waiting more than four months for the DOE to identify a provider of its own to provide ABA instruction as ordered in SRO Appeal No. 24-082, Plaintiff's counsel contacted the department within the DOE responsible for implementing SRO decisions, Non-Public School Payables ("NPSP"), to request authorization for Breakthrough Foundations to provide the ABA services. *Id*. at ¶23. Unfortunately, the DOE did not respond to Parent's request for authorization until January 6, 2024. *Id*. at ¶24. The delay in authorization resulted in a delay in the identification of an ABA instructor to work with K.X., and Breakthrough Foundations ultimately did not begin providing services to K.X. until June 2025. *Id*. at ¶25.

### III.    ARGUMENT

#### a.  Legal standard

Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For purposes of Rule 12(b)(6), dismissal is not appropriate unless the complaint cannot state any set of facts that would entitle plaintiff to relief. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). The complaint must "contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citation omitted). For a viable claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court "'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *M.H. v. Mt. Vernon City Sch. Dist.*, No. 13 CV 3596, 2014 WL 901578, at *4 (S.D.N.Y. Mar. 3, 2014) (quoting *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). With respect to Rule 12(b)(1), "[w]hen a factual challenge to the Court's jurisdiction has been raised, 'the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits.'" *M.H.*, 2014 WL 901578, at *4 (quoting *Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### b. Plaintiff has pled facts sufficient to establish that Defendant has not fully implemented SRO Appeal No. 24-082.

In assessing a school district's obligation under an administrative order, courts in this District have repeatedly refused to read words into the order that would limit or alter the relief awarded. In *Donahue v. Banks*, No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023), for instance, the court rejected the DOE's attempts to alter the wording of an unappealed FOFD that required it to reimburse parents for "any transportation costs" incurred by the parents. *Id*. at *17– 18. The court in *Donahue* stated: "[T]o the extent the parties request that the Court deviate from the plain language of the administrative orders, the Court declines." *Id*. at *9. Similarly, in *L.V. v. N.Y.C. Dep't of Educ.*, 03-Civ.9917 (LAP), 2021 WL 663718, at *1 (S.D.N.Y. Feb. 18, 2021), the

10

court rejected Defendant's attempts to limit its tuition funding obligations under unappealed FOFDs based on whether Defendant deemed a school's remote learning program to be appropriate during the COVID-19 pandemic. With respect to the FOFDs at issue in *L.V.*, the court stated that the "DOE's only lawful course of action is to implement those Orders, full stop." *Id.* at *8.

Here, Defendant has unequivocally failed to implement multiple aspects of SRO Appeal No. 24-082. Specifically, Defendant has failed to:

(i)     Develop an IEP for K.X. that mandates placement in a "special class that provides primarily ABA programming";

(ii)    "[L]ocate and place" K.X. in an educational placement within 45 days of the issuance of SRO 24-082;

(iii)   "[L]ocate and place" K.X. in a special class that "provides primarily" Applied Behavior Analysis ("ABA") programing;

(iv)    "[L]ocate and place" K.X. in an educational placement "pursuant to the student's IEP";

(v)     Provide compensatory ABA services (or otherwise authorize funding for a private provider identified by Plaintiff to provide compensatory ABA services in a timely manner);

(vi)    Provide compensatory speech-language therapy; and

(vii)   Provide compensatory feeding therapy to K.X.

*See* Dkt. 1 at ¶24; *see also* Dkt. 13.1 at 21–22.

In arguing that it has implemented all aspects of SRO Appeal No. 24-082, Defendant asks the Court to ignore, *inter alia*, critical aspects of the SRO's order to locate and place K.X. in a class that provides "primarily ABA programming" "pursuant to the student's IEP" within 45 days

11

of the date of the decision. *See* Dkt. 15 at 11. To start, Defendant acknowledges that it did not "locate and place" K.X. in any school within 45 days of the issuance of SRO Appeal No. 24-082. *See* Dkt. 13 at 15. Defendant also asserts that it met its obligations to provide a school placement that comports with SRO Appeal No. 24-082 without establishing that the offered school, AHRC Staten Island, provides "primarily ABA programming" or is capable of offering a program "pursuant to" the May 14, 2024 IEP as required by SRO Appeal No. 24-082. With respect to the SRO's order concerning compensatory services, Defendant relies on a strained reading of the SRO's order, while again ignoring the SRO's language elsewhere in the decision, to argue that it had no obligation to provide compensatory services to K.X. and that it has complied with SRO Appeal No. 24-082 simply by being "poised to issue payment" for the bank of services. *Id*. at 11–12. As set forth herein, Plaintiff's Complaint pleads facts sufficient to establish that Defendant has failed to implement numerous aspects of SRO Appeal No. 24-082, and the Court should reject Defendant's attempts to limit its obligations under SRO Appeal No. 24-082.

      **i.  Defendant failed to develop an IEP in accordance with SRO Appeal No. 24-082 and, relatedly, failed to offer K.X. placement in a special class that provides "primarily ABA programming"—or even one capable of implementing the IEP that itself does not comport with the SRO's decision—within 45 days of SRO Appeal No. 24-082.**

To start, the DOE unequivocally failed to locate and place K.X. within 45 days of the issuance of SRO Appeal 24-082 as required by SRO Appeal No. 24-082. Attorney St. George acknowledges that the securement letter concerning K.X.'s acceptance to AHRC Staten Island was issued on or about July 22, 2024 (Dkt. 13 ¶15)—81 days after the issuance of SRO Appeal No. 24-082. Moreover, the securement letter itself specifies a start date of September 2024—approximately 120 days after the issuance of SRO Appeal No. 24-082. J.C. Aff. at ¶16. Thus, there can be no question that Defendant failed to offer a placement in line with the SRO's decision and

"which shall continue for the remainder of [the] 2023-24 year and the duration of the 12-month 2024-2025 school year," which included July and August of 2024. Dkt. 13.1 at 22. For this reason alone, Defendant's argument that it has fully complied with SRO Appeal No. 24-082 must fail.

The DOE also unequivocally failed to create an IEP for K.X. that "specifi[es] that the educational placement in the student's IEP shall be in a special class that provides primarily ABA programming." *See* Dkt. 13-1 at 21. Neither Def. MOL nor Attorney St. George's Declaration indicate that the May 14, 2024 IEP mandates ABA programming. Indeed, there is no mention of ABA in the May 14, 2024 IEP. J.C. Aff. at ¶9.

Moreover, the bald allegations set forth in Attorney St. George's Declaration fail to establish that Defendant offered K.X. a school placement and program consistent with that ordered in SRO Appeal No. 24-082. The SRO's order requires Defendant to "locate and place" K.X. in a "special class that provides primarily ABA programming" and "pursuant to the student's IEP." Dkt. 1 at ¶24; Dkt. 13.1 at 22. Defendant's MTD alleges that the DOE "located and offered a placement to K.X. at AHRC Staten Island Prep." Dkt. 15 at 6. Defendant's MTD, however, offers no further details concerning the nature of the AHRC Staten Island program or whether it met the criteria for a school placement set forth in SRO Appeal No. 24-082. Specifically, Defendant does not indicate whether AHRC Staten Island offered "primarily ABA programming" or could implement the May 14, 2024 IEP. Without more, Defendant cannot establish that it implemented SRO Appeal No. 24-082 fully.

Moreover, Plaintiff toured AHRC Staten Island on July 18, 2024 and understood based on the tour that the school did not offer ABA programming. J.C. Aff. at ¶¶12, 14. As stated above, Plaintiff advised the DOE's CBST representative of this understanding, and that representative did not challenge Plaintiff's understanding in that regard. *Id*. at ¶15. Moreover, the securement letter

13

issued by AHRC confirms that it was incapable of implementing the IEP that was created at the May 14, 2024 IEP meeting. *Id*. at ¶16. Specifically, the securement letter indicates that AHRC Staten Island was only capable of offering a 10:1:2 classroom as opposed to the 12:1+1 classroom mandated in the IEP. *Id*. The securement letter also does not indicate whether the school could offer feeding therapy as mandated on K.X.'s IEP. *Id*. Thus, the DOE's belated offer of placement in AHRC Staten Island does not constitute satisfactory implementation of the SRO's order of placement in a school—unlike AHRC Staten Island—that "provides primarily ABA programming" and could implement K.X.'s IEP. Dkt. 13.1 at 22.

In short, Defendant's MTD and accompanying Declaration at most establish that there are issues of fact concerning whether the DOE offered K.X. placement in a specialized school or nonpublic school that offers "primarily ABA programming" and could implement K.X.'s IEP. Moreover, Defendant's MTD does not genuinely dispute that it failed to offer K.X. a school placement within 45 days of SRO Appeal No. 24-082, that it failed to place K.X. in a program that comports with SRO Appeal No. 24-082 "for the remainder of [the] 2023-24 year and the duration of the 12-month 2024-2025 school year," or that the May 14, 2024 IEP fails to mandate placement in a "special class that provides primarily ABA programming." Plaintiff's Complaint sets forth plausible claims in these respects and thus is not subject to dismissal under Rule 12(b)(6).

> **ii. The SRO's order to "fund and provide a bank of compensatory services" requires the DOE to provide those services.**

Defendant implicitly acknowledges that it has provided no compensatory services to K.X. pursuant to SRO Appeal No. 24-082. *See* Dkt. 15 at 12. Defendant, however, argues that it has met its obligation under SRO Appeal No. 24-082 to "fund and provide a bank of compensatory services" in ABA, speech-language, and feeding therapy by representing that the "DOE is poised to issue payment for a compensatory bank of" ABA, speech-language, and feeding therapy hours.

14

*Id*. at 11–12.

Defendant's interpretation of SRO Appeal No. 24-082 with respect to compensatory services, however, is directly contrary to language used by the SRO elsewhere in the decision. With respect to Plaintiff's request for compensatory speech-language therapy, for instance, the analysis portion of SRO Appeal No. 24-082 explicitly states that "**the district will be required to provide** two individual 30-minute sessions of compensatory speech-language therapy per week calculated over a 12-month school year (42 weeks), for the denial of a FAPE for each of the 2021-22, 2022-23 and 2023-24 school years, which is a total of 126 hours." Dkt. 13.1 at 20 (emphasis added). With respect to feeding therapy, the SRO similarly finds that "**the district must provide the student** with one 30-minute session of feeding therapy per week from the date of the December 13, 2023 speech-language evaluation IEE ordered by the IHO until the date that new IEP directed in this decision is put in place for the student as directed in this decision." *Id*. (emphasis added). Similarly, in its conclusion, the SRO states that "**the district must provide** compensatory ABA services, feeding therapy, and speech-language therapy to remedy the denial of a FAPE." *Id*. at 19 (emphasis added). This language resolves any ambiguity in the order portion of the decision by indicating a clear intent on the part of the SRO for Defendant to provide the compensatory services ordered. In seeking to limit its obligations under SRO Appeal No. 24-082, Defendant completely ignores this language and the SRO's analysis generally. Although the District correctly points out that Plaintiff requested that the compensatory services be provided by a private provider of her choosing (Dkt. 15 at 14), that the SRO did not explicitly order this and adopt Plaintiff's proposed language suggests an intent for the DOE to provide such services. Moreover, there is no place in the SRO's decision that puts the burden on Plaintiff to do anything.

Defendant's interpretation of the SRO's order also reads the word "provide" out of the

15

SRO's order or at least renders it redundant with "fund." *See* Dkt. 13.1 at 20. If the SRO intended the DOE to have no obligation to provide the actual compensatory services ordered, it is unclear why the SRO would have used "provide" if simply funding a bank of compensatory hours would satisfy the order. The order section of SRO Appeal No. 24-082 concerning compensatory services also makes no mention of a private provider or the rates of the provider. Where it intends for compensatory services to be provided by private providers of parents' choosing as the DOE suggests to be the case here, the SRO will typically specify that—and the rate associated with such service(s)—in the decision itself. *See, e.g.*, SRO Appeal No., 22-132 ("[T]he district shall fund the cost of 76 hours of compensatory SETSS in the form of services from a BCBA **of the parent's choosing at a rate of no more than $175 per hour**.") (emphasis added); SRO Appeal No., 20-021 ("[T]he district shall fund as compensatory educational services 280 hours of tutoring or instruction in the areas of math and reading delivered by a **provider or agency of the parent's choosing** provided that…the costs of such services shall not exceed the costs of the services at Lindamood-Bell, and provided further that, if the parent chooses, the district shall be responsible to deliver the services") (emphasis added). Similarly, in the interim decisions issued by IHO Lassinger and IHO Rahman concerning Plaintiff's requests for evaluations in case numbers 224617 and 260489, respectively, the hearing officers specified that the evaluations be conducted by private providers at "a reasonable market rate" (in case number 224617) and a rate of $2,500 (in case number 260489). Dkt. 1 at ¶¶10, 17. Moreover, in numerous other decisions, the SRO has evidenced a preference for the District providing compensatory services rather than contracting out such services. *See, e.g.*, SRO Appeal No. 24-151; SRO Appeal No. 19-130; SRO Appeal No. 19-112.

16

### 1. Defendant has failed to fund and provide a bank of compensatory ABA instruction.

As set forth above, the DOE has unequivocally failed to offer a provider to fulfill the bank of ABA hours awarded to Plaintiff in SRO Appeal No. 24-082. Even if, however, the SRO intended to place the obligation on Plaintiff to identify a private provider to fulfill the compensatory ABA instruction, Defendant failed to authorize funding for such services in a timely manner. On September 17, 2024, after four and a half months in which the DOE failed to identify a provider of its own to provide ABA instruction (or to even state that it was poised and ready to fund such services from a provider of Plaintiff's choosing), Plaintiff's counsel contacted NPSP to request authorization for Breakthrough Foundations to provide the ABA services. J.C. Aff. at ¶23. Unfortunately, the DOE did not respond to Plaintiff's request for authorization until January 6, 2024—that is, nearly four months after Plaintiff's request. *Id*. at ¶24. The delay in authorization impacted the availability of Breakthrough Foundations' providers, and Breakthrough Foundations ultimately did not begin providing services to K.X. until June 2025. *Id*. at ¶25. Contrary to the assertion in Attorney St. George's Declaration (Dkt. 13 at ¶19), Breakthrough Foundations has been sending invoices for its work with K.X. since June 2025. J.C. Aff. at ¶26.

As SRO Appeal No. 24-082 imposes a three-year expiration date on the use of the compensatory services awarded in the decision (Dkt. 13.1 at 21), the aforementioned delay in authorization will significantly impact K.X.'s ability to use the full bank of compensatory ABA instruction awarded to her in SRO Appeal No. 24-082. Moreover, Defendant's extensive delay in authorizing compensatory ABA instruction is clear evidence that Defendant has not been "poised" to issue payment for the compensatory services awarded in SRO Appeal No. 24-082. *See* Dkt. 15 at 11–12.

17

>    **2. Defendant has failed to fund and provide a bank of compensatory speech-language therapy and feeding therapy.**

Similarly, there can be no dispute that Defendant has failed to provide K.X. compensatory speech-language therapy or feeding therapy to date. Moreover, at no point since the issuance of SRO Appeal No. 24-082 has Defendant offered to assist Plaintiff in identifying a provider(s) for such services. J.C. Aff. at ¶21. After it became clear that the DOE did not intend to provide compensatory speech-language therapy and feeding therapy as required by SRO 24-082, Plaintiff attempted to identify providers of her own. *Id*. Plaintiff, however, has been unable to identify a qualified speech-language provider in Staten Island that accepts DOE funding directly. *Id*.

>    **b. Plaintiff's implementation claims are not moot.**

"A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998). As set forth above, Defendant has failed and continues to fail to implement numerous aspects of SRO Appeal No. 24-082 including, but not limited to, failing to timely place K.X. in a class that "provides primarily ABA programming" (and can implement the relevant IEP as required by SRO Appeal No. 24-082), and failing to timely fund and provide banks of compensatory speech-language therapy, feeding therapy, and ABA instruction (and, relatedly, failing to timely authorize funding for the private ABA instruction that Plaintiff was ultimately able to identify, thereby blocking access to those services for months and affecting Plaintiff's ability to utilize those services within the three-year deadline imposed by the SRO).

These multiple failures have harmed K.X., and none of the actions taken by Defendant have eradicated the effects of Defendant's failures. K.X., for instance, remained in a non-ABA-

18

based, public school classroom for the 2023-2024 and 2024-2025 school years and has not received any compensatory speech-language therapy or feeding therapy. *See* J.C. Aff .at ¶¶22, 27. K.X.'s ability to use the full amount of compensatory ABA instruction within the three-year timeframe established by the SRO has also been curtailed significantly by Defendant's significant delay in authorizing the private ABA instruction. *See id*. at ¶25. As such, the Court should reject the Defendant's assertion that Plaintiff's implementation claims are now moot.

## IV.    CONCLUSION

In sum, the table below states the "ordered" portions of SRO Appeal No. 24-082 verbatim and identifies the extent to which the DOE has failed to implement the vast majority of those portions of SRO Appeal No. 24-082:

| Verbatim Orders in SRO 24-082 | DOE Implementation |
|---|---|
| (i) within 14 school days of the date of this decision, the district shall convene the CSE and develop an IEP for the student that includes one individual 30-minute feeding therapy session per week, and five 30-minute speech-language therapy sessions per week; | Implemented. |
| (ii) the CSE shall also specify that the educational placement in the student's IEP shall be in a special class that provides primarily ABA programming at a public school or, if unavailable, a State-approved nonpublic school; | Not implemented. The May 14, 2024 IEP fails to mandate a "special class that provides primarily ABA programming at a public school or, if unavailable, a State-approved nonpublic school." |
| (iii) within 45 days of the date of this decision, the district shall locate and place the student in such a program pursuant to the student's IEP, which shall continue for the remainder of the 2023-24 year and the duration of the 12-month 2024-25 school year unless the parties otherwise agree to an alternative placement; | Not implemented in numerous ways. 1. The DOE failed to offer any school placement within 45 days. Notably, the DOE does not dispute this fact. The only school new school offered by the DOE during the time period at issue (i.e., AHRC Staten Island) had a start date of September 2024—approximately 120 days after the date of the SRO's decision.

2. The DOE failed to locate and place K.X. in a program pursuant to an IEP specifying |

19

| | placement in a "special class that provides primarily ABA programming or, if unavailable, a State-approved nonpublic school." Moreover, the only school offered by the DOE during the time period at issue (AHRC Staten Island) admittedly could not implement other material aspects of the student's IEP (e.g., classroom size). Finally, AHRC did not offer placement for K.X. "for the remainder of the 2023-24 year" or for the first two months of "the 12-month 2024-25 school year." |
|---|---|
| (iv) the district shall fund and provide a bank of compensatory services for the student in the form of compensatory ABA services calculated on the basis of five hours per week of 1:1 ABA services provided over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-22, 2022-23, and 2023-24 school years for a total of 630 hours; | <u>Not implemented</u>. The DOE failed to provide any compensatory ABA instruction. Furthermore, the DOE caused a significant delay in authorizing funding for a private provider identified by Plaintiff to provide compensatory ABA instruction. |
| (v) the district shall fund and provide a bank of compensatory services for the student in the form of compensatory speech-language therapy calculated on the basis of two individual 30-minute sessions of speech-language therapy over a 12-month school year, or 42 weeks, for the denial of FAPE for each of the 2021-22, 2022-23, and 2023-24 school years for a total of 126 hours; and | <u>Not implemented</u>. The DOE failed to provide any compensatory speech-language therapy. |
| (vi) the district shall fund and provide a bank of compensatory services for the student in the form of compensatory feeding therapy calculated on the basis of one 30-minute session per week from December 13, 2023 through the date that the new IEP required in the decision is put into place. | <u>Not implemented</u>. The DOE failed to provide any compensatory feeding therapy. |

Dkt. 13.1 at 21–22. As set forth *supra*, several of these failures cannot be disputed, and, at a bare

minimum, there are questions of fact concerning Plaintiff's entitlement to relief regarding other

aspects of her implementation claims. As such, dismissal of Plaintiff's claims is inappropriate at this time, and Plaintiff respectfully requests that this Court DENY Defendant's MTD.

Dated: New York, New York
         February 11, 2026

_____
Justin B. Shane, Esq.
Steven J. Alizio, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

21

**CERTIFICATE OF COMPLIANCE**

I, Steven Alizio, affirm that the word count of Plaintiff's Opposition to Defendant's Motion to Dismiss complies with the limitations of Local Rule 7.1 and contains 6771 words according to the word processing program used to compose the document.

*/s/ Justin B. Shane*

Justin B. Shane, Esq.

22