25-cv-04446 (ALC)

United States district COURT
Southern District of New York

J.C., individually and on behalf of her child, K.X.,

Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, NY  10007*

*Of Counsel:  Alfred Miller, Jr.*
*Tel:  (212) 356-2392*

*Date of Service: February 18, 2026*

## **TABLE OF CONTENTS**

                                                                                                                **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

      POINT I: THE DOE IMPLEMENTED EACH COMPONENT OF THE SRO
      DECISION .................................................................................................................... 1

            A.   The DOE convened the CSE. ............................................................ 3

            B.   The DOE deferred the student to a nonpublic
                  school. .................................................................................................. 3

            C.   The DOE fulfilled the mandate in the SRO
                  decision by locating and offering AHRC Staten
                  Island................................................................................................... 4

            D.   The DOE funded and provided a bank of
                  services. .............................................................................................. 4

CONCLUSION............................................................................................................................ 6

CERTIFICATION OF COMPLIANCE WITH COURT'S INDIVIDUAL PRACTICES ............ 7

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Pages**

*Araujo v. N.Y.C. Dep't of Educ.*,
  No. 20-CV-7032 (LGS), 2023 U.S. Dist. LEXIS 139223,
  2023 WL 5097982 (S.D.N.Y. Aug. 9, 2023)...............................................................................1

*Davis v. Banks*,
  No. 22-CV-8184 (JMF),
  2023 U.S. Dist. LEXIS 160092 (S.D.N.Y. Sep. 11, 2023).........................................................1

*Donahue v. Banks*,
  No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023) ................................................2

*Donohue v. Banks*,
  2023 U.S. Dist. LEXIS 176574 (S.D.N.Y. Sep. 30, 2023).........................................................5

*Fisher v. United States Att'y*,
  722 F. App'x 40 (2d Cir. 2018) ..................................................................................................2

*L.V. v. N.Y.C. Dep't of Educ.*,
  03-cv-9917 (LAP), 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021) ..............................................2

*Mendez v. Banks*,
  65 F.4th 56 (2d Cir. 2023) .........................................................................................................5

*Scheff v. Banks*,
  2024 U.S. App. LEXIS 21937  (2d Cir. Aug. 29, 2024) ............................................................2

*Zimmerman v. Banks*,
  2024 U.S. Dist. LEXIS 215283 (S.D.N.Y. Nov. 25, 2024).......................................................2

**Statutes**

FRCP 12(b)(1) ................................................................................................................................1

FRCP 12(b)(6) ................................................................................................................................1

## PRELIMINARY STATEMENT

Defendants New York city Department of Education (hereinafter "DOE" or "Defendant") submit this Reply Memorandum of Law in further support of its motion to dismiss the complaint. Plaintiff seeks relief associated with the DOE's alleged failure to implement the May 2024 decision of the State Review Officer ("SRO") in one of the underlying administrative proceedings, SRO Appeal 24-082, and secure statutory attorneys' fees and costs that Plaintiff alleges it should be awarded in the administrative proceeding and this action. See Compl. ECF No. 1 ¶6. Plaintiff asserts, that the DOE has failed to comply with or implement the underlying administrative order. The DOE has fully implemented each aspect of the applicable administrative order resulting in Plaintiff receiving all the relief to which they would be entitled through further litigation.

As Plaintiff has achieved all relief she would have through further litigation with respect to Plaintiffs' implementation and enforcement claims, this Court should dismiss the claims pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

## ARGUMENT

### POINT I

### THE DOE IMPLEMENTED EACH COMPONENT OF THE SRO DECISION

The DOE has implemented each component of the SRO decision. As explained in the opening brief, "the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order — in particular, on the most recent, operative order, also known as the 'last pendency-setting event.'" *Davis v. Banks*, No. 22-CV-8184 (JMF), 2023 U.S. Dist. LEXIS 160092, at *13 (S.D.N.Y. Sep. 11, 2023) (quoting) *Araujo v. N.Y.C. Dep't of Educ.*, No. 20-CV-7032 (LGS), 2023 U.S. Dist. LEXIS 139223, 2023 WL 5097982, at *5

(S.D.N.Y. Aug. 9, 2023). Pursuant to the language in the underlying administrative orders, the DOE "funded and provided a bank of compensatory services" as ordered in SRO Appeal 24-082. It also located a school placement that uses ABA methodology for plaintiff as ordered. Therefore, Plaintiffs' claims regarding the implementation and enforcement of the SRO appeal are moot. "A case becomes moot, at any stage of litigation, when there is no longer a live case or controversy for a court to decide, such as when the plaintiff has already received the relief sought." *Fisher v. United States Att'y*, 722 F. App'x 40, 41 (2d Cir. 2018) (citing U.S. Const. art. III); *see also Scheff v. Banks*, 2024 U.S. App. LEXIS 21937, at *7 (2d Cir. Aug. 29, 2024) ("Typically, no live controversy remains where a party has obtained all the relief 'she could receive on the claim through further litigation.'")

As Plaintiffs point out, "courts in this District have repeatedly refused to read words into the order that would limit or alter the relief awarded." Pl. MOL ECF No. 17 p. 10. Instead, in considering the scope of administrative orders, "courts apply principles of contract interpretation." *Zimmerman v. Banks*, 2024 U.S. Dist. LEXIS 215283, at *8 (S.D.N.Y. Nov. 25, 2024). Thus, they give effect to the "plain meaning" of the words of the order. *See Donahue v. Banks*, No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023). However, Plaintiffs here seek to distort the SRO Order to impose additional or altered terms on the DOE.

The two authorities Plaintiffs cite, *Donahue v. Banks*, No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023), and *L.V. v. N.Y.C. Dep't of Educ.*, 03-cv-9917 (LAP), 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021) are unavailing, and do not support their position. As Plaintiffs note, in *Donahue* the court "decline[d]" to "deviate from the plain language of the administrative orders." Plaintiffs correctly note that in *L.V.* the court noted that DOE must implement the unappealed administrative orders. Pl. MOL ECF No. 17 p. 11. However, it is

2

Plaintiff who asks this court to deviate from the plain language of the orders by imposing obligations not found in the plain language of the administrative orders. Indeed, the DOE has followed its only lawful course of action: it implemented the order consistent with its plain language. As the order has been implemented Plaintiffs claims are moot.

### A. The DOE convened the CSE.

The DOE has fully implemented the SRO's requirement to convene the CSE. Plaintiff concedes that the DOE "conven[ed] the CSE and developed an IEP for the student that includes one individual 30- minute feeding therapy session per week, and five 30-minute speech-language therapy sessions per week." Pl. MOL ECF No. 17 at 19. Indeed, the IEP was updated to the include feeding therapy as indicated as a "*NEW MANDATE as per court order." IEP ECF No. 22-1 p. 11. Because the CSE convened, the DOE complied with the order.

### B. The DOE deferred the student to a nonpublic school.

The DOE deferred K.X to a nonpublic school in response to the SRO order. The SRO order required the DOE "specify that the educational placement in the student's IEP shall be in a special class that provides primarily ABA programming at a public school or, if unavailable, a State-approved nonpublic school." SRO Order ECF No. 13-1 p. 21. Plaintiff contends that the DOE's accompanying declaration fails to indicate that the placement provides primarily ABA programing. Pl. MOL ECF. No. 17 p. 13. However, the SRO order does not require such. Recognizing that a public school primarily providing ABA programing was unavailable at the time, in response to the SRO order, the IEP was updated to recommend a referral to a State-approved nonpublic school. IEP ECF No. 22-1 at P. 34 ("As per court order, defer to CBST for an NYSED-Approved Non-Public School (Day) is recommended at this time.") As the DOE updated the IEP to recommend a State-approved nonpublic school, Plaintiff's claim for implementation of this component is moot. Id.

### C. The DOE fulfilled the mandate in the SRO decision by locating and offering AHRC Staten Island.

The DOE implemented the mandate to "locate and place the student in such a program pursuant to the student's IEP..." As Plaintiff concedes, the DOE "locate[d] and place[d]" K.X at AHRC Staten Island Prep. Pl. MOL ECF No. 17 p. 13 However, Plaintiff attempts to avoid mootness by asserting that Plaintiff rejected the placement because she "understood based on the tour that the school did not offer ABA programing." *Id*. First, AHRC Staten Island Prep employs the ABA methodology. Plaintiffs' assertion to the contrary is belied by the school's website which states that the school utilizes "A research-based Applied Behavioral Analysis (ABA) curriculum utilizing the Strategies for Teaching Based on Autism Research (STAR) program" https://www.ahrcnyc.org/our-schools/james-p-murphy-staten-island-preparatory-school/. Indeed, the school employs an on-site Board-Certified Behavior Analyst (BCBA). *Id*. Moreover, in the list of strategies, programming, and instructional methodologies, "Applied Behavior Analysis (ABA)" is listed first. Id. Because the DOE was able to place K.X. in a school which could have implemented the IEP as written, including ABA programming, Plaintiff's claim is moot.

### D. The DOE funded and provided a bank of services.

Consistent with the SRO order, the DOE has "fund[ed] and provide[d] a bank" of specified services. Plaintiff does not contest to the contrary. Instead, Plaintiff seeks to "deviate from the plain language of the administrative orders" by arguing that SRO Bates' order to "fund and provide a bank" of services imposes an obligation on the DOE to locate a provider despite Plaintiff's request for a provider of their choosing. Pl. MOL ECF No. 17 p. 14-18. However, no such obligation is in the directive. Plaintiff's attempt to recast the obligation relies on a textual mis-reading of the relevant administrative order. The clear and unambiguous terms of the SRO order require the DOE to "fund and provide" a bank of services and that is what DOE has done.

4

The banks of services have been funded, and the DOE. The DOE has been and remains ready, willing and able to continue to implement the award of compensatory hours pursuant to the Decision in SRO Case No. 24-082, in the normal course of business, subject to the receipt and review of invoices for said services., *See* St. George Dec. ECF No. 22 ¶10.

Plaintiff's reliance on other administrative orders to support its reading is misplaced. As noted in the opening brief, the scope of DOE's obligation "turns on the precise language in each student's administrative order." *Donohue,* 2023 U.S. Dist. LEXIS 176574, at *3. Thus, the Court must look to "each student's administrative order" as such orders can vary in its requirements. *See id*.

Likewise, Plaintiffs attempts to impose an obligation to locate a provider relying upon SRO Bates analysis is misplaced. Consistent with SRO Bates' order, the DOE does not contest whether it must provide services. Rather, the DOE here, maintains that the manner of providing the services is determined in the ordered section. Here, after concluding that DOE must provide compensatory services, SRO Bates provided the manner of providing the services by clearly and unambiguously directing the DOE to fund and provide a bank of services for K.X. As the DOE funded and provided a bank of services, and the DOE remains ready, willing and able to continue to implement the award of compensatory hours pursuant to the Decision in SRO Case No. 24-082, the DOE has fully complied with the SRO Order. Indeed, the DOE has already implemented the award with respect to that invoices Plaintiff has already provided.

Finally, Plaintiff's contention that a delay in confirming authorization for a specific provider amounts to a failure to fund and provide a bank of ABA services overlooks that "[t]he DOE receives thousands of funding requests under the IDEA at the start of each school year and spends hundreds of millions of dollars annually to fund placements." *Mendez v. Banks*, 65 F.4th

5

56, 63 (2d Cir. 2023). As the Second Circuit has recognized, "[a]ny agency will need some amount of time to process and pay submitted invoices." *Id*. As Plaintiff asserts, the ABA provider—Breakthrough Foundation—sent invoices to the DOE for payment from the banks of services. Pl. MOL ECF No. 17 p. 17. Payment was rendered from the banks of services DOE funded. *See* St. George Dec. ECF No. 22 ¶7-8. To date, there are no outstanding invoices for compensatory services. *See id*. Because the DOE has fully funded the banks of services to provide the compensatory education, Plaintiffs claim are moot.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' motion for summary judgment, and award Defendants such other and further relief that the Court may deem just and proper.

Dated:     February 18, 2026
           New York, New York

                                    **STEVEN BANKS**
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, NY 10007
                                    t:  (212) 356-2392
                                    e:  AlfMille@law.nyc.gov

                                    By:  _____/s/ Alfred Miller jr_____
                                         Alfred Miller, Jr.
                                         *Assistant Corporation Counsel*

**CERTIFICATION OF COMPLIANCE WITH COURT'S INDIVIDUAL PRACTICES**

I, hereby, certify pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that the total number of words in the foregoing document, exclusive of the caption, table of contents, table of authorities, and signature block, but inclusive of footnotes or endnotes, is 1,728 words according to the "Word Count" function of Microsoft Word 2024, the word-processing system used to prepare the document, and thus that the document complies with the word count limit set forth in Rule 7.1(c).

Dated:      February 18, 2026
            New York, New York

                                        **STEVEN BANKS**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, NY 10007
                                        t:  (212) 356-2392
                                        e:  alfmille@law.nyc.gov


                        By:     /s/ Alfred Miller jr
                                _____
                                Alfred Miller, Jr.
                                *Assistant Corporation Counsel*